Commonwealth of Pennsylvania ex rel. M. J. Thornton, Appellant, *v.* J. M. Courtney, Justice of the Peace, in and for the Township of Kilbuck, County of Allegheny, State of Pennsylvania.

*Justice of the peace—Judgment for penalty—Appeals—Mandamus—Constitution, article 5, sec. 14.*

A mandamus will not lie against a justice of the peace to allow an appeal from a judgment for a penalty before him, where the appeal has not been allowed by the court into which it is to be taken, or by some judge thereof, as provided by art. 5, sec. 14, of the constitution of 1874.

Argued Jan. 29, 1896. Appeal, No. 131, Oct. T., 1895, by plaintiff, from order of C. P. No. 2, Allegheny Co., April T.,

24    COM. ex rel. THORNTON, Appellant, *v.* COURTNEY.

Statement of Facts—Opinion of the Court.        [174 Pa.

1895, No. 270, refusing mandamus.   Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.   Affirmed.

Petition for mandamus to compel the allowance of an appeal.

On the 10th day of January, A. D. 1895, the defendant was summoned to appear before J. M. Courtney, justice of the peace, of Kilbuck township, Allegheny county, Pennsylvania, on January 18, 1895, to answer in an action of assumpsit wherein the commonwealth of Pennsylvania, for use of Allegheny county and Eastburn Reeder, dairy and food commissioner of the state of Pennsylvania, was plaintiff, for an alleged violation of the act of assembly, approved the 21st day of May, A. D. 1885.

On January 18, 1895, the case was called and, defendant not appearing, judgment was publicly given in favor of the plaintiff and against the defendant by default in the penalty of $100, together with costs of suit.

On January 30, 1895, the defendant demanded a transcript of appeal from said justice, offered to file the usual affidavit with him and tendered the costs.   The justice refused to furnish said transcript of appeal so demanded; whereupon on February 7, 1895, the defendant presented a petition to the court of common pleas, praying the court to issue a mandamus to the said justice of the peace, commanding and directing him to allow said appeal.

The court refused to grant the prayer of the petition for mandamus.

*Error assigned* was above order.

*Richard B. Scandrett*, for appellant.

*K. T. Meade*, for appellee.

OPINION BY MR. JUSTICE WILLIAMS, February 24, 1896 :·

This was an application to the court of common pleas of Allegheny county for a writ of mandamus directed to J. M. Courtney, Esq., a justice of the peace.   The purpose of the writ applied for was to require the justice to allow the relator to enter before him an appeal from a judgment rendered by him against the relator for a penalty for the unlawful sale of oleo-

COM. ex rel. THORNTON, Appellant, *v.* COURTNEY.   25

1896.]                    Opinion of the Court.

margarine.   The justice had declined to allow the appeal under the belief that it must be allowed by the court into which it was to be taken, or by some judge thereof.   The relator entertaining the opinion that he had a right to enter bail and make the usual affidavit before the justice, take a transcript from him, and file it as matter of right in the common pleas, applied for this writ.   The learned judge of the common pleas to whom the application was made held the position of the justice to be correct and refused the mandamus.   This appeal from his decree presents therefore but a single question.   What is the effect of the provision of the constitution found in art. 5, sec. 14, and of the act of 1876 passed to carry it into execution?

This question has been considered and determined in Commonwealth for use v. McCann, supra (p. 19) in which an opinion is filed herewith.   It is unnecessary to repeat what we have there said.   The conclusion reached however fully sustains the action of the court below.

The decree appealed from is affirmed and the petition dismissed.   The costs to be paid by the appellant.